UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ISAIAH MCKINNLEY, on behalf of himself and all others similarly situated,

Plaintiff,

v.

AMERICAN EAGLE OUTFITTERS, INC.,

Defendant.

---

Docket No.

**CLASS ACTION COMPLAINT & DEMAND FOR JURY TRIAL**

Plaintiff, ISAIAH MCKINNLEY**,** ("Plaintiff" or "Mr. McKinnley"), on behalf of himself and all others similarly situated (collectively, "Plaintiffs"), by and through their undersigned counsel, JOSEPH & NORINSBERG, LLC, as and for their putative class action complaint upon Defendant, AMERICAN EAGLE OUTFITTERS, INC., ("AMERICAN EAGLE" or "Defendant"), hereby alleges as follows:

## INTRODUCTION

1. Plaintiff ISAIAH McKINNLEY is legally blind and visually impaired, qualifying as an individual with a disability under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12102(1)–(2), its implementing regulations at 28 C.F.R. §§ 36.101 et seq., and the New York City Human Rights Law ("NYCHRL"). He has been diagnosed with **retinitis pigmentosa**, a progressive retinal disorder that causes severe peripheral field loss and central acuity degradation. As documented in Exhibit A, dated June 2025, Mr. McKinnley relies exclusively on screen-reading software, magnification tools, and keyboard-based navigation to access digital content.

He has completed formal orientation and mobility training through Lighthouse Guild programs and remains highly motivated to maintain independence through assistive technology.

2. Plaintiff brings this action against **American Eagle Outfitters, Inc.** for violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. Defendant is a national retailer of apparel and accessories, operating over 800 brick-and-mortar stores nationwide, including multiple locations in the New York metropolitan area, and the public-facing website **www.ae.com**. The website is functionally integrated with the company's retail ecosystem, including product browsing, purchasing, promotional content, and customer support. Plaintiff attempted to access these services but was prevented from doing so due to persistent accessibility barriers.

3. Plaintiff is legally blind and relies on screen reader technology to navigate digital interfaces. He attempted to access Defendant's website, www.ae.com, to browse and purchase apparel products for himself and as gifts for his niece and nephew. On multiple occasions in October and November 2025, Plaintiff encountered widespread accessibility barriers documented by SortSite audits, including:

**Broken accessibility statement link** (400 Bad Request)

**Unlabeled ARIA buttons** on product pages (3,554 pages affected)

**Missing alt text** or placeholder text like "picture" or "spacer" on product images

**Autoplay videos without pause controls** (92 pages affected)

**Keyboard traps and inaccessible pop-ups** during checkout and promotional flows

**Improper heading structures and missing skip links** across category and product pages

**Broken links** to promotional content, blog posts, and social media integrations (e.g., Facebook, Aerie Real Life)

These barriers violate the Web Content Accessibility Guidelines (WCAG) 2.1 Level AA, the recognized industry standard for digital accessibility. Plaintiff remains eager to return to the site once it is remediated, as it offers apparel and gift items that align with his specific needs and budget.

4. Plaintiff brings this civil action against Defendant for its failure to design, construct, maintain, and operate the Defendant's Website to be fully accessible to and independently usable by Plaintiff and other blind or visually impaired people. Defendant's denial of full and equal access to the Website, www.ae.com, and therefore its denial of the goods and services offered thereby, is a violation of Plaintiff's rights under the Americans with Disabilities Act ("ADA").

5. According to the U.S. Census Bureau (2010), approximately 8.1 million people in the United States are visually impaired, including 2.0 million who are blind. The American Foundation for the Blind's 2015 report estimates that approximately 400,000 visually impaired persons reside in New York State.

6. Congress has issued a clear national mandate to eliminate discrimination against individuals with disabilities. This includes barriers to full integration, independent living, and equal opportunity—barriers perpetuated by websites and other public accommodations that remain inaccessible to blind and visually impaired persons. New York State and New York City law similarly require places of public accommodation to ensure access to goods, services, and facilities by making reasonable accommodations for persons with disabilities.

7. Defendant has long operated its public-facing digital platform as a central gateway to its nationwide retail empire, drawing millions of consumers with promises of affordable, first-

class apparel. Yet behind the polished branding and commercial success lies a website riddled with systemic accessibility failures. Independent audits conducted by Plaintiff's counsel uncovered a pattern of violations that no responsible operator could ignore: product pages stripped of alternative text, form fields left unlabeled, navigation traps that strand blind users mid-transaction, ARIA roles misapplied or omitted altogether, and the total absence of skip links or semantic landmarks necessary for screen reader functionality. These are not isolated oversights, but structural defects repeated across thousands of pages. Defendant's refusal to remediate—despite clear federal guidance, industry standards, and ample resources—demonstrates a calculated indifference to the civil rights of blind and visually impaired individuals, ensuring that exclusion remains baked into its digital storefront.

8. Plaintiff is deeply invested in maintaining independence in online shopping and relies on product transparency to make informed purchasing decisions. He specifically sought out Defendant's Website because of its reputation for accessible activewear, lifestyle branding, and affordability. Plaintiff attempted to browse the Website to learn about product details, select apparel items as holiday gifts, and complete a purchase. However, unless Defendant remedies the numerous access barriers, Plaintiff will continue to be unable to independently navigate, browse, use, and complete a transaction. Defendant's denial of equal access to its Website constitutes unlawful discrimination under the ADA.

9. Plaintiff seeks a permanent injunction requiring Defendant to revise its corporate policies, practices, and procedures to ensure that both its Website and its brick-and-mortar retail stores become and remain accessible to blind and visually impaired users. Such relief is necessary to guarantee equal participation in the digital and physical marketplace and to prevent Defendant

from continuing to exclude individuals with disabilities from its online retail services and its New York store.

**JURISDICTION AND VENUE**

10. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12182 because Plaintiff's claims arise under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12182 et seq.

11. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claims, including those under the New York State Human Rights Law, Article 15 (Executive Law § 290 et seq.) ("NYSHRL"); the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 et seq., ("NYCHRL") and § 296 et seq.; and the New York State Civil Rights Law, Article 4, §§ 40-c and 40-d ("NYCRL").

12. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because Defendant conducts substantial and continuous business in this District through its interactive website, www.ae.com, and through its brick-and-mortar retail store located at **1551 Broadway, New York, NY 10036**. Plaintiff accessed and attempted to use the Website from his residence in New York County, which falls within the Southern District of New York. A significant portion of the discriminatory conduct giving rise to this action occurred within this District.

13. Courts routinely support venue placement in the district where the plaintiff attempted and failed to access the public accommodation. See, *Chloe NA v. Queen Bee of Beverly Hills, LLC.*, 616 F.3d 158 (2d Cir. 2010); *Reed v. 1-800-Flowers.com, Inc.*, 327 F. Supp. 3d 539 (E.D.N.Y. 2018); *Andrews v. Blick Art Materials, LLC.*, 286 F. Supp. 3d 365 (E.D.N.Y. 2017); see also *Ford Motor Co. v. Mont. Eighth Judicial Dist. Court*, 141 S. Ct. 1017 (2021). In *Access*

*Now, Inc. v. Otter Products, LLC*, 280 F. Supp. 3d 287 (D. Mass. 2017), Judge Patti B. Saris held that “although the website may have been created and operated outside of the district, the attempts to access the website in Massachusetts are part of the sequence of events underlying the claim.” Id. at 294. This satisfies Due Process because the harm—the barred access—occurred within the forum. Id. at 293. Here, Plaintiff’s attempts to access www.ae.com from New York County, combined with Defendant’s retail store at 1551 Broadway in Manhattan, firmly establish venue in this District.

14. Similarly, in *Access Now, Inc. v. Sportswear, Inc.*, No. 17-cv-11211-NMG, 2018 U.S. Dist. LEXIS 47318 (D. Mass. Mar. 22, 2018), Judge Nathaniel M. Gorton found that the defendant “availed itself of the forum state’s economic activities by targeting the residents of the Commonwealth … Such targeting evinces a voluntary attempt to appeal to the customer base in the forum.” Id. at *11. Defendant here has availed itself of New York’s economic activities by maintaining a retail store at 1551 Broadway in Manhattan and targeting New York consumers through www.ae.com.

15. Accordingly, jurisdiction and venue are proper in this District because Plaintiff resides here, Defendant conducts business here through both its website and its Manhattan retail store, and the discriminatory conduct occurred here.

## THE PARTIES

16. Plaintiff, **ISAIAH McKINNLEY**, is and was at all relevant times a resident of New York County, New York.

17. Plaintiff is legally blind and visually impaired, qualifying as an individual with a disability under the Americans with Disabilities Act (“ADA”), 42 U.S.C. § 12102(1)–(2), its

implementing regulations at 28 C.F.R. §§ 36.101 et seq., and the New York City Human Rights Law ("NYCHRL"). He has been diagnosed with **retinitis pigmentosa**, a progressive retinal disorder that causes severe peripheral field loss and central acuity degradation. As documented in Exhibit A dated June 2025, Plaintiff is unable to read printed materials and relies on screen reading software, including NonVisual Desktop Access ("NVDA"), magnification tools, and keyboard-based navigation to access digital content. He has completed formal orientation and mobility training through Lighthouse Guild programs and remains highly motivated to maintain independence through assistive technology.

18. Upon information and belief, Defendant **AMERICAN EAGLE OUTFITTERS, INC.** is a Delaware corporation with its principal place of business located at 77 Hot Metal Street, Pittsburgh, Pennsylvania 15203. Defendant operates over 800 brick-and-mortar retail stores nationwide, including a flagship location at **1551 Broadway, New York, NY 10036**, and owns and operates the website **www.ae.com**, which offers consumers nationwide access to apparel products, promotional content, and customer support, including to residents of New York.

19. Defendant's website is functionally integrated with its retail ecosystem, serving as a gateway for browsing inventory, locating stores, enrolling in loyalty programs, and completing purchases. American Eagle exercises control over the design, coding, and operation of www.ae.com, which is maintained by its internal digital and e-commerce teams. Despite prior litigation involving website accessibility and the availability of clear federal guidance and industry standards, Defendant has failed to remediate its website. Independent audits conducted in 2025 revealed pervasive accessibility barriers across thousands of pages, including broken links, unlabeled buttons, missing alternative text, and keyboard traps. Defendant's dual presence in New

York—through its Times Square retail store and its interactive website—establishes that it conducts substantial and continuous business in this District and is subject to the jurisdiction of this Court.

## NATURE OF ACTION

20. This action arises under Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq., challenging Defendant's operation of a public-facing website that denies blind and visually impaired individuals full and equal access. Plaintiff, a legally blind resident of New York County, attempted to access Defendant's website using screen-reading software but encountered multiple access barriers that prevented meaningful engagement with its services. Defendant's failure to design and maintain its website in accordance with the Web Content Accessibility Guidelines (WCAG 2.1) constitutes unlawful discrimination and violates federal accessibility standards.

21. Defendant's website functions as a commercial place of public accommodation subject to Title III of the ADA and the NYCHRL. At all relevant times, Defendant American Eagle Outfitters, Inc. has maintained control over the design, coding, and digital infrastructure of www.ae.com and is responsible for ensuring its compliance with applicable accessibility standards, including WCAG 2.1 Level AA. Although the Website includes nominal references to accessibility, it lacks meaningful ARIA labeling, semantic structure, and keyboard operability across key interactive features. These deficiencies render the Website inaccessible to blind users and place Defendant on constructive notice of noncompliance.

22. The Internet has become a vital source of information and a primary tool for conducting everyday activities such as shopping, learning, banking, researching, and

communicating—for sighted, blind, and visually impaired individuals alike. Defendant's website is not merely informational; it is a transactional gateway to its brick-and-mortar retail stores, including its Manhattan location at 1551 Broadway. Without accessible digital access, blind consumers are unable to locate, evaluate, or independently shop at Defendant's physical stores.

23. In today's digital environment, blind and visually impaired individuals access websites using keyboards in conjunction with screen access software that vocalizes visual content or displays it on a refreshable Braille device. This technology, known as screen-reading software, is currently the only method by which blind or visually impaired persons may independently access the Internet. Unless websites are properly coded to interface with screen-reading software, blind and visually impaired users are unable to fully access the information, products, and services offered online.

24. Plaintiff Isaiah McKinnley is a blind, visually impaired individual and a member of a protected class under the ADA, 42 U.S.C. § 12102(1)–(2), its implementing regulations at 28 C.F.R. §§ 36.101 et seq., and the NYCHRL. He has been diagnosed with retinitis pigmentosa, a degenerative retinal condition that causes progressive peripheral field loss and central acuity degradation. As documented in Exhibit A dated June 2025, Plaintiff relies exclusively on screen reading software such as NVDA, magnification tools, and keyboard-based navigation to access digital content, and has completed formal training through Lighthouse Guild programs to maintain independence through assistive technology.

25. Plaintiff attempted to access Defendant's website on multiple occasions from his residence in New York County, including on October 14, 2025, October 22, 2025, and November 3, 2025. During these visits, he sought to browse product offerings, evaluate apparel items, and

complete purchases for himself and for family members as holiday gifts. Specifically, Plaintiff attempted to purchase the AE Big Hug Off-the-Shoulder Waffle Sweatshirt for his niece, the AE Cozy Dreamy Drape Jogger for his sister, and the AE Snow Stopper Sweater for himself. These items were selected based on their advertised comfort, affordability, and seasonal relevance. However, he encountered persistent access barriers—including unlabeled buttons, inaccessible form fields, broken keyboard navigation, missing alt text, and inaccessible pop-ups—that prevented him from completing any transaction without sighted assistance.

26. These barriers are documented in independent accessibility audits conducted by Plaintiff's counsel: (1) a SortSite validation report identifying WCAG 2.1 Level A and AA violations across over 12,000 pages; (2) a broken link report confirming inaccessible navigation paths and failed HTTP targets, including the Accessibility Statement itself; and (3) automated scans revealing missing alternative text, contrast errors, empty buttons, and redundant links on product pages. These reports place Defendant on constructive notice of noncompliance and confirm that the Website remains inaccessible to blind users.

27. Plaintiff was specifically interested in purchasing the AE Big Hug Off-the-Shoulder Waffle Sweatshirt, AE Cozy Dreamy Drape Jogger, and AE Snow Stopper Sweater, all marketed as high-quality apparel items offered at discounted prices. These products were of particular interest because they represent affordable, first-class clothing suitable for Plaintiff's own use and for gifting family members. Due to the Website's failure to provide accessible product descriptions, navigable purchase flows, and properly labeled interactive elements, Plaintiff was unable to independently evaluate or purchase any of these items.

28. Plaintiff selected American Eagle over other apparel brands because of its

reputation for affordability, inclusive branding, and wide selection of seasonal apparel. He remains interested in purchasing these products and intends to return to the Website once it is remediated, primarily because of the quality of apparel and their affordability—a major consideration for Plaintiff, whose primary finances derive from monthly stipends. Defendant's ongoing failure to provide equal access constitutes a denial of goods and services and causes ongoing deterrence. Moreover, because the inaccessible Website prevented Plaintiff from locating and navigating Defendant's Manhattan retail store, he was excluded not only from online commerce but also from physical shopping opportunities.

29. Plaintiff has suffered concrete harm, including exclusion, frustration, and loss of autonomy. These injuries are directly traceable to Defendant's conduct and are redressable through injunctive relief. Plaintiff's encounters with Defendant's inaccessible Website demonstrate standing under Title III of the ADA: he attempted to access the Website on multiple occasions, was deterred by systemic barriers, remains eager to return once it is accessible, and was prevented from purchasing affordable apparel for himself and his family members due to Defendant's negligence and failures.

## CLASS ACTION ALLEGATIONS

30. Plaintiff **ISAIAH McKINNLEY** brings this action on behalf of himself and all others similarly situated, seeking certification of a nationwide class under Fed. R. Civ. P. 23(a) and 23(b)(2): all legally blind individuals in the United States who have attempted to access www.ae.com or Defendant's brick-and-mortar retail stores and were denied equal access to its products, services, and support due to persistent accessibility barriers during the relevant statutory

period.

31. Plaintiff also seeks certification of a New York Subclass under Fed. R. Civ. P. 23(a) and 23(b)(2): all legally blind individuals residing in the City and State of New York who have attempted to access www.ae.com or Defendant's Manhattan retail store located at 1551 Broadway, New York, NY 10036, and were similarly denied equal access due to the same systemic barriers.

32. Common questions of law and fact exist among the Class, including:

Whether www.ae.com qualifies as a "public accommodation" under Title III of the ADA;

Whether Defendant's Website and retail stores constitute "places or providers of public accommodation" under the NYCHRL;

Whether the Website's persistent accessibility barriers violate the ADA by denying blind users full and equal access to Defendant's products, services, and support;

Whether the same barriers violate the NYCHRL, NYCRL, and NYSHRL by excluding blind users from meaningful participation in both the digital and physical marketplace.

33. Plaintiff's claims are typical of the Class. Like other blind individuals, he relies on screen-reading software and keyboard navigation to access online platforms and requires accessible digital interfaces to locate and shop at physical stores. He encountered the same systemic barriers—unlabeled buttons, inaccessible forms, mouse-dependent controls, unreadable product specifications, and inaccessible store locator features—that affect all Class members

34. Plaintiff will fairly and adequately represent the interests of the Class. He has retained counsel experienced in disability rights and complex class action litigation. Plaintiff has no interests antagonistic to those of the Class and seeks injunctive and declaratory relief applicable to all members.

35. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) because Defendant has acted or failed to act on grounds generally applicable to the Class, warranting injunctive relief to remediate the Website's accessibility barriers and ensure equal access to its retail stores.

36. Alternatively, certification is appropriate under Fed. R. Civ. P. 23(b)(3) because common questions of law and fact predominate over individual issues, and a class action is the most efficient and fair method for adjudicating these claims.

37. Maintaining this action as a class proceeding will promote judicial economy by avoiding duplicative litigation and ensuring uniform relief for a class likely to include hundreds, if not thousands, of blind individuals who have attempted to use www.ae.com or shop at Defendant's Manhattan retail store at 1551 Broadway and faced exclusion.

## FIRST CAUSE OF ACTION
**(Violations of the ADA, 42 U.S.C. § 12182 *et seq.)***

38. Plaintiff, ISAIAH MCKINNLEY, on behalf of himself and the Class Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

39. Section 302(a) of Title III of the ADA, 42 U.S.C. § 12101 *et seq.,* provides:

> "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."

**42 U.S.C. § 12182(a).**

40. Defendant's website, www.ae.com, is a service offered to the general public and, as such, must be equally accessible to all potential consumers, including blind and visually impaired individuals.

41. Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities the opportunity to participate in or benefit from the products, services, facilities, privileges, advantages, or accommodations of an entity. 42 U.S.C. § 12182(b)(1)(A)(i).

42. Under Section 302(b)(2) of Title III of the ADA, unlawful discrimination also includes, inter alia:

> "[A] failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations; [and] a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden."

**42 U.S.C. § 12182(b)(2)(A)(ii)-(iii).**

43. The acts alleged herein constitute violations of Title III of the Americans with Disabilities Act and the regulations promulgated thereunder. Plaintiff, a member of a protected class under the ADA, has a physical disability that substantially limits his major life activity of sight within the meaning of 42 U.S.C. §§ 12102(1)(A)–(2)(A). Plaintiff has been diagnosed with **retinitis pigmentosa**, a degenerative retinal condition resulting in severe peripheral field loss and central acuity degradation, as documented in Exhibit A dated June 2025 (attached hereto). Plaintiff has been denied full and equal access to Defendant's website, www.ae.com; has not received services offered to non-disabled patrons; and has been subjected to inferior service due to persistent accessibility barriers. Defendant has failed to take prompt and equitable steps to remedy this discriminatory conduct, and the violations remain ongoing.

44. Under 42 U.S.C. § 12188 and the remedies, procedures, and rights set forth and incorporated therein, Plaintiff requests relief as set forth within the section **Prayer For Relief** below.

**SECOND CAUSE OF ACTION**
**(Violations of the New York City Human Rights Law)**
**("NYCHRL")**

45. Plaintiff, ISAIAH MCKINNLEY, on behalf of himself and the New York City Sub-Class Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

46. N.Y.C. Administrative Code § 8-107(4)(a) provides that "It shall be an unlawful discriminatory practice for any person who is the owner, franchisor, franchisee, lessor, lessee, proprietor, manager, superintendent, agent or employee of any place or provider of public accommodation: [b]ecause of any person's . . . disability . . . directly or indirectly: [t]o refuse, withhold from or deny to such person the full and equal enjoyment, on equal terms and conditions, of any of the accommodations, advantages, services, facilities or privileges of the place or provider of public accommodation".

47. Defendant is subject to the NYCHRL because it owns and operates the website www.ae.com, making it a "person" within the meaning of N.Y.C. Admin. Code § 8-102(1). Defendant also maintains a brick-and-mortar retail store located at 19 Fulton Street, New York, NY 10038, further subjecting it to the jurisdiction of this Court under the NYCHRL.

48. Defendant violates N.Y.C. Administrative Code § 8-107(4)(a) by refusing to update or remove access barriers to its Website, rendering www.ae.com and its integrated services completely inaccessible to blind and visually impaired individuals. This inaccessibility denies

blind patrons full and equal access to the facilities, products, and services that Defendant makes available to the non-disabled public.

49. Defendant is required to "make reasonable accommodation to the needs of persons with disabilities . . . any person prohibited by the provisions of [§ 8-107 *et seq.*] from discriminating based on disability not to provide a reasonable accommodation to enable a person with a disability to satisfy the essential requisites of a job or enjoy the right or rights in question provided that the disability is known or should have been known by the covered entity." N.Y.C. Admin. Code § 8-107(15)(a).

50. Defendant's actions constitute willful intentional discrimination against the Sub-Class based on a disability in violation of the N.Y.C. Administrative Code § 8107(4)(a) and § 8-107(15)(a), in that Defendant has:

a. constructed and maintained a Website that is inaccessible to blind class members with knowledge of the discrimination; and/or

b. constructed and maintained a Website that is sufficiently intuitive and/or obvious that is inaccessible to blind class members; and/or

c. failed to take actions to correct these access barriers in the face of substantial harm and discrimination to blind class members.

51. Defendant has failed to take any prompt and equitable steps to remedy the discriminatory conduct as these violations are ongoing.

52. As such, Defendant discriminates and will continue in the future to discriminate against Plaintiff and other members of the proposed class and subclass based on disability in the full and equal enjoyment of the products, services, facilities, privileges, advantages, accommodations and/or opportunities of the Website under N.Y.C. Administrative Code § 8-

107(4)(a). Unless the Court enjoins Defendant from continuing to engage in these unlawful practices, Plaintiff and members of the Class will continue to suffer irreparable harm.

53. Defendant's actions were to violate the NYCHRL, and therefore, Plaintiff invokes the right to injunctive relief to remedy the discrimination.

54. Plaintiff is also entitled to compensatory damages, as well as civil penalties and fines under N.Y.C. Administrative Code § 8-120(8) and § 8-126(a) for each offense as well as punitive damages pursuant to § 8-502.

55. Plaintiff is also entitled to reasonable attorneys' fees and costs.

56. Under N.Y.C. Administrative Code § 8-120 and § 8-126 and the remedies, procedures, and rights set forth and incorporated therein Plaintiff prays for judgment as set forth below.

## THIRD CAUSE OF ACTION
**(New York State Human Rights Law)**
**("NYSHRL")**

57. Plaintiff, ISAIAH MCKINNLEY, on behalf of himself and the Class and New York City Sub-Classes Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

58. At all times relevant to this action, the New York State Human Rights Law ("NYSHRL"), Article 15 of the New York Executive Law §§ 290 *et seq.*, covers the actions of the Defendants.

59. Plaintiff, at all times relevant to this action, as a result of his loss of vision, has a substantial impairment to a major life activity and is an individual with a disability under Article

15 of N.Y. Executive Law § 292(21).

60. Defendants, at all relevant times to this action, own and operate a place of public accommodation, the subject Website and retail establishments, within the meaning of Article 15 of N.Y. Executive Law § 292(9). Defendant is a "person" within the meaning of Article 15 of N.Y. Executive Law § 292(1).

61. Plaintiff has visited the Website on a number of occasions and has encountered barriers to his access that exist.

62. Under Article 15 N.Y. Executive Law § 296(2)(a) "it shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation ... because of the ... disability of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof."

63. Discrimination includes the refusal to adopt and implement reasonable modifications in policies, practices, or procedures when they are necessary to afford facilities, privileges, advantages, or accommodations to individuals with disabilities. Article 15 of N.Y. Executive Law § 296(2)(a), § 296(2)(c)(i).

64. Defendant's actions violate Article 15 of N.Y. Exec. Law § 296(2)(a) by discriminating against the Plaintiff and Subclass by (i) owning and operating a website that is inaccessible to disabled individuals who are sight-impaired and cannot discern the content thereof without the use of a screen-reading program; (ii) by not removing access barriers to its Website in order to make accessibility features of the sites known to disabled individuals who are sight-impaired; and (iii) by refusing to modify the Website when such modifications are necessary to

afford facilities, privileges, advantages or accommodations to individuals with disabilities. This inaccessibility denies disabled individuals who are sight-impaired full, and equal access to the facilities, goods, and services that the Defendant makes available to individuals who are not disabled and can see without the need of a screen-reading program or other similar device. Article 15 of N.Y. Exec. Law § 296(2)(c).

65. The Defendant's discriminatory practice also includes, "a refusal to take such steps as may be necessary to ensure that no individual with a disability is excluded or denied services because of the absence of auxiliary aids and services, unless such person can demonstrate that taking such steps would fundamentally alter the nature of the facility, privilege, advantage or accommodation being offered or would result in an undue burden." Article 15 of N.Y. Exec. Law § 296(2)(c).

66. Established guidelines exist for making websites accessible to disabled individuals. The International Website Standards Organization, the Worldwide Consortium, known throughout the world as "W3C," has published version 2.1 of the Web Content Accessibility Guidelines ("WCAG 2.1"). WCAG 2.1 is well-established guideline for making websites accessible to the blind and visually impaired people. These guidelines are universally followed by most large business entities and government agencies to ensure websites are accessible.

67. Defendant has intentionally and willfully discriminated against the Plaintiff and Subclass and violation of the New York State Human Rights Law, Article 15 of N.Y. Exec. Law § 296(2) and the discrimination continues to date.

68. Absent injunctive relief, Defendant's discrimination will continue against Plaintiff and Subclass, causing irreparable harm.

69. Plaintiff and the Subclass are therefore entitled to compensatory damages, civil penalties, and fines for every discriminatory act in addition to reasonable attorney fees and costs and disbursements of this action. Article 15 of N.Y. Exec. Law §§ 297(9), 297(4)(c) *et seq.*

**FOURTH CAUSE OF ACTION**
**(Violation of New York State Civil Rights)**
**("NYCRL")**

70. Plaintiff, ISAIAH MCKINNLEY, on behalf of himself and the New York City Subclass Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

71. Plaintiff served notice thereof upon the New York State Attorney General, as required by N.Y. Civil Rights Law § 41. (Exhibit 1) (Notice to Attorney General)

72. Persons within New York State are entitled to full and equal accommodations, advantages, facilities, and privileges of places of public accommodations, resort or amusement, subject only to the conditions and limitations established by law and applicable alike to all persons. No person, being the owner of a place of public accommodation, shall directly or indirectly refuse, withhold from, or deny to any person any of the accommodations, advantages, facilities, and privileges thereof. N.Y. Civ. Rights Law § 40.

73. No person because of disability, as defined in § 292(21) of the Executive Law, shall be subjected to any discrimination in his or her civil rights by person or by any firm, corporation, or institution, or by the state or any agency or subdivision. N.Y. Civ. Rights Law ("NYCRL") § 40-c.

74. § 292 of Article 15 of the N.Y. Executive Law deems a disability a physical, mental, or medical impairment resulting from anatomical, physiological, genetic, or neurological conditions that prevent the exercise of a normal bodily function. As such, the Plaintiff is disabled under the N.Y. Civil Rights Law.

75. Defendant discriminates against the Plaintiff and Subclass under NYCRL § 40 as Defendant's Website is a place of public accommodation that does not provide full and equal accommodation, advantages, facilities, and privileges to all persons and discriminates against disabled individuals who are sight impaired.

76. Defendant intentionally and willfully failed to remove the barriers on their Website, discriminating against the Plaintiff and Subclass preventing access in violation of NYCRL § 40.

77. Defendant has failed to take any steps to halt and correct its discriminatory conduct and discriminate against the Plaintiff and the Subclass members.

78. Under N.Y. Civil Rights Law § 41, "a corporation which violates any of the provisions of §§ 40, 40-a, 40-b or 42 shall be liable for a penalty of not less than one hundred dollars nor more than five hundred dollars, to be recovered by the person aggrieved thereby… in any court of competent jurisdiction in the county in which the plaintiff or defendants shall reside." *Id.*..

79. Plaintiff and the SubClass hereby demand compensatory damages of five hundred dollars ($500.00) for each instance of the Defendant's acts of discrimination, including civil penalties and fines under N.Y. Civil Law § 40 *et seq.*

## **FIFTH CAUSE OF ACTION**
**(Declaratory Relief)**

80. Plaintiff, ISAIAH MCKINNLEY, on behalf of himself and the Class and New York City Sub-Class Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

81. An actual controversy has arisen and now exists between the parties in that Plaintiff contends, and is informed and believes that Defendant denies, that the Website contains access barriers denying blind customers the full and equal access to the products, services and facilities of the Website, which Defendant owns, operates and controls, fails to comply with applicable laws including, but not limited to, Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12182, *et seq.*, and N.Y.C. Admin. Code § 8-107, *et seq.*, prohibiting discrimination against the blind.

82. A judicial declaration is necessary and appropriate at this time so that each of the parties may know its respective rights and duties and act accordingly.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

a. A preliminary and permanent injunction to prohibit Defendant from violating the Americans with Disabilities Act, 42 U.S.C. §§ 12182, et seq., N.Y.C. Administrative Code § 8-107, et seq., and the laws of New York;

b. A preliminary and permanent injunction requiring Defendant to take all the steps necessary to make the Website fully compliant with the requirements set forth in the ADA, and the implementing regulations, so that the Website is readily accessible to and usable by blind individuals;

c. A declaration that Defendant owns, maintains and/or operates the Website in a manner that discriminates against the blind and which fails to provide access for persons with disabilities as required by Americans with Disabilities Act, 42 U.S.C. §§ 12182, et seq., N.Y.C. Administrative Code § 8-107, et seq., and the laws of New York;

d. An order certifying the Class and Sub-Classes under Fed. R. Civ. P. 23(a) & (b)(2) and/or (b)(3), appointing Plaintiff as Class Representative, and

Plaintiff's attorneys as Class Counsel;

e. Compensatory damages in an amount to be determined by proof, including all applicable statutory and punitive damages and fines, to Plaintiff and the proposed class and subclasses for violations of civil rights under New York City Human Rights Law, the New York State Human Rights Law and the New York State Civil Rights Law;

f. Pre-judgment and post-judgment interest;

g. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

h. Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all questions of fact the Complaint raises.

Dated: New York, New York
November 18, 2025

Respectfully submitted,

**JOSEPH & NORINSBERG, LLC**

*/s/ Robert Schonfeld*
Robert Schonfeld, Esq
*Attorneys for Plaintiff*
825 Third Avenue, Suite 2100
New York, New York 10022
Tel. No.: (212) 227-5700
Fax No.: (212) 656-1889
rschonfeld@employeejustice.com